[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION IN LIMINE
The defendant filed a motion in limine on November 22, 1996, moving to exclude the second paragraph of plaintiff's Exhibit C (Letter by Representative John W. Thompson to Governor Weicker, dated February 22, 1991) to plaintiff's Exhibit A (Representative Thompson's affidavit of November 27, 1991).[1] The defendant accompanied this motion with a supporting memorandum of law. The plaintiff submitted a memorandum in opposition to the defendant's motion, dated December 20, 1996.
The second paragraph to plaintiff's Exhibit C to Exhibit A states: "The Task Force believes that Public Act 89-368 was important and far-reaching legislation concerned with relationships between the State of Connecticut and its indigenous Native American tribes. As a consequence, all issues that were referred to us were discussed, but at this time the Task Force has decided not to initiate any new or remedial legislation. Instead, the Task Force will recommend to the Program Review Committee that it undertake a review of the Connecticut Indian Affairs Council. The Task Force has not changed its previous recommendations on the other matters referred to us, and therefore did not see a need to restate them. Those recommendations will need further deliberation by committees of cognizance in the General Assembly."
The court finds that the second paragraph of Exhibit C to Exhibit A is admissible in that it is both relevant to the court's inquiry and falls under a hearsay exception. This court need not discuss in detail the issue of relevancy because it was fully addressed in this court's order of April 24, 1997 (Memorandum of Decision on Plaintiff's Motion in Limine). Thus, concisely stated, the exhibit is relevant in that it addresses the issue of which task force report was "final" for purposes of General Statutes § 47-66h by CT Page 5577 suggesting that the 1991 report was not conclusive as to task force recommendations, but rather impliedly incorporated the recommendations of the 1990 report. The court further finds that the defendant's arguments, i.e., that the exhibit does not directly refer to trust agreements or does not appear to have been reviewed and approved by all members of the task force, go to weight, not admissibility. Finally, the exhibit falls under the public record exception to the hearsay rule; see General Statutes § 52-165; Hing Wan Wong v. Liquor ControlCommission, 160 Conn. 1, 10, 273 A.2d 709 (1970), cert. denied, 401 U.S. 939, 91 S.Ct. 931, 28 L.Ed.2d 218 (1971); in that the document was kept in the regular course of the task force's business.[2]
Accordingly, the defendant's motion in limine as to the second paragraph of Plaintiff's Exhibit C to Exhibit A is hereby denied.
Mary R. Hennessey, Judge